UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PACSEC3, LLC,

                         Plaintiff,

                         25-CV-678 (VSB)

            -against-

                         **ORDER**

ALIBABA CLOUD US LLC, *et al.*,

                      Defendants.

------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

      Plaintiff filed this action on January 23, 2025 against Defendants Alibaba Cloud US LLC ("Alibaba Cloud"), Alibaba.com US E-Commerce Corp. ("Alibaba E-Commerce"), Alibaba.Com U.S. LLC ("Alibaba US"), and Alibaba.com LLC ("Alibaba.com"). The same day, Plaintiff requested that a summons issue only as to Alibaba Cloud. (Doc. 3.) The affirmation of service on Alibaba Cloud indicates its response to Plaintiff's complaint was due on March 6, 2025. (Doc. 7.) To date, Alibaba Cloud has not appeared or responded to the complaint. Plaintiff, however, has not: (1) sought a default judgment against Alibaba Cloud; (2) obtained summonses as to Defendants Alibaba E-Commerce, Alibaba US, or Alibaba.com (collectively, the "Unserved Defendants"); or (3) taken any other action to prosecute this case. Pursuant to Federal Rule of Civil Procedure 4(m), the deadline to serve Defendants was April 23, 2025. Accordingly, it is hereby:

      ORDERED that, no later than May 15, 2025, Plaintiff shall submit a letter of no more than three (3) pages, supported by legal authority, demonstrating good cause as to why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) as to the Unserved Defendants. "Good cause is generally found only in exceptional circumstances where the

plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (internal quotation marks omitted). "District courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." *Id.* (internal quotation marks omitted). "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 658 (S.D.N.Y. 1997) (citing *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir.1991), *aff'd*, 173 F.3d 844 (2d Cir. 1999)).

IT IS FURTHER ORDERED that Plaintiff's letter shall also explain its intentions as to Defendant Alibaba Cloud, including whether it will seek a default judgment against this Defendant.

Plaintiff is warned that failure to submit a letter and to demonstrate good cause for (1) failing to serve the Unserved Defendants within ninety days after the complaint was filed and (2) failing to seek default or otherwise prosecute the action as to Defendant Alibaba Cloud may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

SO ORDERED.

Dated: May 1, 2025
New York, New York

*(signature)*
VERNON S. BRODERICK
United States District Judge